Nos. 2015-2063, -2064

# United States Court of Appeals for the Federal Circuit

**MERCK & CIE, BAYER PHARMA AG and BAYER HEALTHCARE PHARMACEUTICALS INC.,**

*Plaintiffs-Appellees*,

v.

**WATSON LABORATORIES, INC.,**

*Defendant-Appellant*.

Appeals from the United States District Court for the District of Delaware
Nos. 1:13-cv-00978-RGA and 1:13-cv-01272-RGA
Judge Richard G. Andrews

**RESPONSE OF PLAINTIFFS-APPELLEES TO EMERGENCY MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT**

Adam K. Mortara
J. Scott McBride
Rebecca T. Horwitz
Faye E. Paul
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel: (312) 494-4400

*Counsel for Plaintiffs-Appellees*

October 5, 2015

# CERTIFICATE OF INTEREST

Counsel for the Plaintiffs-Appellees certify the following:

1.  The full name of every party or amicus represented by me is:

    Merck & Cie, Bayer Pharma AG and Bayer HealthCare Pharmaceuticals Inc.

2.  The name of the real party in interest (Please only include any real party in interest NOT identified in Question 3. below) represented by me is:

    N/A

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    Merck KGaA is a publicly held company that owns more than 10% of Merck & Cie; and

    Bayer Pharma AG and Bayer HealthCare Pharmaceuticals Inc. are wholly owned subsidiaries of Bayer AG, a publicly held company.

4.  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP:
    Adam K. Mortara, J. Scott McBride, Rebecca T. Horwitz, Faye E. Paul, Asha L.I. Spencer, Andrew C. MacNally, Katharine A. Roin

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP:
    Jack B. Blumenfeld, Rodger D. Smith II, Derek J. Fahnestock

October 5, 2015                     /s/ J. Scott McBride
                                    J. Scott McBride

                                    *Counsel for Plaintiffs-Appellees*

- i -

Watson lost a bench trial in the District Court. It was not a preliminary injunction request or any other emergency request for relief. Despite receiving the Trial Opinion in the case on August 31st, and notice that the Final Judgment would issue on or around September 14th, Watson waited 7 additional days before filing its notice of appeal and another 4 days after the appeal's docketing before filing its motion to "expedite." After its own delay of 11 days, Watson now asks the Court to let it "cut in line" and shorten Plaintiffs' response time by 17 days without establishing any good cause other than its loss in the trial court—a situation indistinguishable from every other aggrieved generic litigant in Hatch-Waxman litigation, or indeed most appellants in this Court.

Watson's 2½ page brief contains a single substantive paragraph arguing what "good cause" justifies its "emergency motion." Watson does not cite a single case where this Court has found a factual situation like its own—a generic ANDA filer losing a standard bench trial—compelling enough to warrant reducing the Plaintiffs-Appellees' response time by 17 days. Watson's case is no different than the numerous other identically situated appellants appealing to this Court, and the Court should deny Watson's motion.

The days that would be gained by shortening Plaintiffs-Appellees' response time have been largely squandered through Watson's own delays. Watson knew it had lost the bench trial when the Court issued its opinion on

August 31st, and knew that the Court required submission of a proposed agreed Final Judgment by September 14th. (Trial Opinion, Watson Mot. Ex. A at 16 (Fed. Cir. Dkt. No. 6).) The Court, unsurprisingly, issued the Final Judgment that same day. (Final Judgment, Watson Mot. Ex. B at 1 (Fed. Cir. Dkt. No. 6).) Watson had two weeks to prepare to file its Notice of Appeal while waiting for Final Judgment, yet waited another additional week before doing so. And once the Court docketed the appeal, Watson did nothing for four more days, filing this motion on September 28th. Watson's unilateral 11-day delay belies its concern of "irreparable harm" that would justify shortening Plaintiffs' response time by 17 days.

Watson's Motion should be denied because it can self-expedite and significantly shorten the briefing period by filing its own briefs early. In denying other similar motions, this Court has noted that parties in Watson's position in large part control their own schedule through their ability to file briefs voluntarily on an expedited schedule. *See, e.g.*, *Univ. of Utah Research Found. v. Ambry Genetics Corp.*, No. 2014-1361, -1366, slip op. at 2 (Fed. Cir. Apr. 14, 2014); *Broadcom Corp. v. Emulex Corp.*, No. 2012-1309, slip op. at 2 (Fed. Cir. Apr. 26, 2012); *Cephalon, Inc. v. Watson Pharm., Inc.*, 422 F. App'x 893 (Fed. Cir. 2011).

Watson's two reasons for expediting do not amount to "good cause."

First, Watson is wrong that the appeal is "narrowly focused." Watson appeals the District Court's validity determination under four separate theories. Three of those determinations (no on-sale bar, no anticipation, and presence of adequate written description) are based on different and unrelated factual rulings, use different and unrelated factual evidence, and obviously involve different legal frameworks for analysis. Despite there being one claim from one patent, this is not a "narrowly focused" appeal. Second, Watson's "irreparable harm" is the identical harm suffered by all generic litigants who lose a bench trial in the district court. All such litigants are enjoined from bringing their generic product to the market, and they all say the district court erred. This is not the situation contemplated as an "appropriate case" for a motion to expedite, such as "appeals involving preliminary or permanent injunctions, or government contract bid protests." (Fed. Cir. R. 27, New Practice Note "Motion to Expedite Proceedings" (Nov. 20, 2014).) Watson never explains how its situation is special or different, because it is not—losing at trial does not give "good cause" to jump to the head of the line over other appellants.

For these foregoing reasons, Plaintiffs-Appellees respectfully request that the Court deny Watson's motion.

October 5, 2015                              Respectfully Submitted,

/s/ J. Scott McBride
_____

Adam K. Mortara
J. Scott McBride
Rebecca T. Horwitz
Faye E. Paul
BARTLIT BECK HERMAN
　PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel: (312) 494-4400
Fax: (312) 494-4400
adam.mortara@bartlit-beck.com
scott.mcbride@bartlit-beck.com
rebecca.horwitz@bartlit-beck.com
faye.paul@bartlit-beck.com

*Counsel for Plaintiffs-Appellees*

## PROOF OF SERVICE

I hereby certify that on October 5, 2015, I electronically filed this Response of Plaintiffs-Appellees to Emergency Motion to Expedite Briefing and Oral Argument with the Clerk of the United States Court of Appeals for the Federal Circuit using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users. I further certify that the foregoing was served via electronic email upon the following:

    Steven A. Maddox (smaddox@meiplaw.com)
    Jeremy J. Edwards (jedwards@meiplaw.com)
    Matthew C. Reudy (mruedy@meiplaw.com)
    MADDOX EDWARDS, PLLC
    1900 K St. NW, Suite 725
    Washington, DC 20006
    Tel: (202) 830-0707

    *Counsel for Defendant-Appellant Watson Laboratories, Inc.*

    /s/ J. Scott McBride
    J. Scott McBride
    BARTLIT BECK HERMAN
      PALENCHAR & SCOTT LLP
    54 West Hubbard Street, Suite 300
    Chicago, Illinois 60654
    Tel: (312) 494-4400
    Fax: (312) 494-4400
    scott.mcbride@bartlit-beck.com

    *Counsel for Plaintiffs-Appellees*